1  GARRETT J. ZELEN, ESQ.
   (SBN 083083)
2  LAW OFFICES OF GARRETT J. ZELEN
   12400 Wilshire Boulevard, Suite 400
3  Los Angeles, California 90025
   (310) 820-0077
4  gzelen@sbcglobal.net; gzelen@att.net

5  Attorney *PRO SE*



6

7              **UNITED STATES DISTRICT COURT**

8          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9  GARRETT J. ZELEN,                    ) CASE NO. CV13-6430 JFW-JEMx
                                        )
10                                      ) PETITION TO QUASH 3RD PARTY
         Petitioner,                    ) SUMMONS FOR BANK RECORDS;
11                                      ) REQUEST FOR IMMEDIATE STAY;
                                        ) MEMORANDUM OF POINTS AND
12  vs.                                 ) AUTHORITIES; DECLARATION OF
                                        ) GARRETT J. ZELEN; EXHIBIT
13  UNITED STATES OF AMERICA,           )
    STEVEN T. MILLER, ACTING            ) Date:
14  COMMISSIONER OF THE                 ) Time:
    INTERNAL REVENUE SERVICE,           )
15  AND REVENUE AGENT, JON              )
    OLIVEIRA                            )
16                                      )
         Respondents.                   )
17  _____)

18         Petitioner, GARRETT J. ZELEN, hereby petitions this court to quash the third party

19  record keeper summons, issued to U.S. Bank National Association, by the Internal Revenue

20  Service, on or about August 20, 2013, for Attorney-Client, Work Product, Client Fifth

21  Amendment Privileged Trust Account records of attorney GARRETT J. ZELEN, a copy of

22  which summons is attached hereto as Exhibit "1".

23                                      I

24                                 JURISDICTION

25  1. This court has jurisdiction in this action pursuant to the provisions of Title 26 U.S.C.

26  Sections 7609(b)(2)(A), 7609(h), and Title 28 U.S.C. Sections 1331 and 1340. Venue is

27

28  Petition to Quash 3rd Party Summons

proper in that the Petitioner and Respondent Internal Revenue Service and Respondent Revenue Agent all have their offices within the Central District of California, Los Angeles Division and Petitioner resides within the Central District of California,  and thus the geographical jurisdiction of this court. Petitioner is a criminal defense attorney whose office is in Los Angeles, California, within the Los Angeles Division of the Central District of California.

II

PARTIES

2. Petitioner GARRETT J. ZELEN (AND LAW OFFICES OF GARRETT J. ZELEN), is a resident of the State of California, and has a business office located in Los Angeles, California, within the Los Angeles Division, of the Central District of California.

3. Respondent United States of America, Internal Revenue Service (hereinafter "IRS"), is a federal governmental entity with agencies and offices throughout the United States, and more specifically with an Internal Revenue Service Office located at 222 N. Sepulveda Boulevard, Suite 800, El Segundo, California, from which this action has arisen; Respondents Acting Commissioner of the Internal Revenue Service, and Jon Oliviera, Revenue Agent, are employed by the Internal Revenue Service, with the latter operating from the Internal Revenue Service office located at 222 N. Sepulveda Boulevard, Suite 800, El Segundo, California, from which this action has arisen, which is within the Los Angeles Division, of the Central District of California.

4. THIRD PARTY RECORD KEEPER U.S. Bank National Association, is a national commercial banking corporation, and financial institution, with offices in a number of locations within and without the Central District of California, and more particularly with headquarters found at 800 Nicollett Mall, Minneapolis, Minnesota.

III

PETITION TO QUASH SUMMONS

5. On or about August 20, 2013 Revenue Agent Jon Oliveira, issued a third party summons

Petition to Quash 3rd Party Summons

2

1  to U.S. Bank National Association, a copy of which was mailed to Petitioner (a true and

2  correct copy of the Summons, but with the Social Security Number redacted is attached

3  hereto and incorporated herein as Exhibit "1").

4  6. The summons, directed to U.S. Bank National Association, as custodian of records of

5  certain bank statements, and records, requests the following documentation:

6  "All records for the period from January 1, 2010 through December 31 2011,
for all accounts held, in the name of, on behalf of, or who has signature

7  authority Garrett J. Zelen (SSN: XXX-XX-XXXX), including but not limited
to

8  1. Monthly Statements,
2. Deposit tickets,

9  3. Deposit items (Please include ATM deposits)".

10  7. It appears on the face of the Summons that the Summons is issued "In the matter of Tax

11  Liabilities of Garrett J. Zelen (SSN: XXX-XX-XXXX), by the Small Business/Self-

12  employed Division of the Internal Revenue Service, Area 7.

13  8. Garrett J. Zelen, is a California State Bar Certified criminal law specialist, attorney,

14  licensed in the State of California, and admitted to practice in both Federal and California

15  Courts, and practices law as part of the Law Offices of Garrett J. Zelen.

16  9. Garrett J. Zelen, and Law Offices of Garrett J. Zelen, maintain an Attorney-Client Trust

17  Account ("IOLTA") pursuant to the Rule 4-100 of the Rules of Professional Conduct of the

18  State Bar of the State of California, and pursuant to the laws of the State of California, which

19  account ands account records are maintained by U.S. Bank National Association.

20  10. In said subject Attorney-Client Trust Bank Account, and the records related thereto, both

21  necessarily maintained by U.S. Bank on behalf of and as agent of Garrett J. Zelen, and Law

22  Offices of Garrett J. Zelen, pursuant to California State Bar Rules, exists information,

23  including but not limited to Client identities, Client payments, payees of client services

24  payments, dates of payments, records as to payments to Criminal Defense Experts and

25  ancillary personnel, records as to payments to other Attorneys, and payments to other entities,

26  all of which are privileged pursuant to one or more of the following privileges: Attorney-

27

28  Petition to Quash 3rd Party Summons

3

1    Client Privilege, Work Product Privilege, and the Fifth Amendment Privilege against self-

2    incrimination, on behalf of one or more clients.

3    11. Petitioner has, for months, been the subject of an audit (ostensibly by "random", as stated

4    to Petitioner by Revenue Agent Oliveira) by the Internal Revenue Service, during which time

5    Petitioner has informed the Revenue Agent of the Attorney-Client, Work Product, and Fifth

6    Amendment, privileged confidentiality status of said Attorney-Client Trust Account

7    information, and has informed the Revenue Agent that no information from or about this

8    account, other than its existence, would be produced to the agent by Petitioner, based upon

9    claim of such privileges.

10   12. Petitioner has **voluntarily produced** for Respondent Revenue Agent true and correct

11   copies of ALL bank records requested by the Agent in this audit, with the exception of

12   records from and about the Attorney-Client Trust Account ("IOLTA"), and additionally has

13   produced for the agent true and correct copies of further records and papers requested by the

14   Agent, showing income and expenses for Petitioner.

15   13. The Internal Revenue Service must at all times use the summons authority in good-faith

16   in pursuit of a Congressionally authorized purpose, and not utilize such summons procedure

17   to circumvent a "pre-disclosure" adversarial hearing regarding a determination of

18   applicable and claimed privileges at to the information sought before the United States

19   District Court. (See IRM [Internal Revenue Manual] § 4.22.6.2)

20   14. The Internal Revenue Service has the burden of showing in an adversarial proceeding

21   that it's investigation is pursuant to a legitimate purpose, that the information sought is

22   relevant and material to this legitimate purpose, and that the information sought is not

23   protected by established claimed privilege or claimed lawful exception; good faith is not

24   presumed where the summons power is used to harass or to pressure the individual.

25   15. At all times relevant herein, Petitioner's Attorney-Client Trust Account ("IOLTA"),

26   maintained pursuant to California State Law and the Rules of the State Bar of the State of

27

28   Petition to Quash 3rd Party Summons

California, was with U.S. Bank National Association, who maintains the account, the account records, copies of checks and deposits, and data and information on behalf of and as agent of Petitioner, and necessary for privileges confidentiality.

16. The Bank records maintained by U.S. Bank as to Petitioner's account, include actual copies ("pictures" or "photocopies") of checks deposited and checks cashed (including handwriting by signatories or depositors or anyone redeeming such check or financial instrument), and bank transfer (wire transfer or interbank) records, which copies include the name and address and phone number and account number and bank of the issuer of the check or transfer, the name and address and phone number and account number and bank of the recipient, the dates of deposit and/or issuance and/or redemption, and at times "notations" on the check or document, and which are part and parcel of the monthly statements and are included as "pictures" or "photocopies" on the statement itself, **and some or all of this information would furnish a link in the chain of evidence needed to prosecute or further incriminate Petitioner's client(s).**

15. This Petition is based on Garrett J. Zelen's and Law Offices of Garrett J. Zelen's contention that:

(a) Revenue Agent Oliveira is using the summons power to harass and pressure, to circumvent a "pre-disclosure" legal determination and hearing, administrative or before the United States District Court (without whose specific approval and direction, such privileged material is forbidden to the Government), and to obtain for the Government by way of administrative summons certain privileged matters not otherwise available to the Government in any criminal or civil litigation.

(b) Revenue Agent Oliveira is using the summons power to obtain Attorney-Client, Work Product, and Client Fifth Amendment privileged materials, for the purpose of use by the Government, who is (or will be) prosecuting individuals who are or who may be clients of Petitioner, and for reasons unknown to Petitioner at this time, and for purposes that are

Petition to Quash 3rd Party Summons

1  unlawful, improper, and with prior knowledge of the privileged nature of the items sought.

2  © Each of the clients, potential clients, and individuals protected by way of the privileges

3  stated above, whose information is contained in the subject matter of the summons issued by

4  Revenue Agent Oliveira, has an individual right to assert a basis for claim of privilege, for

5  which Petitioner is tasked by law and the Rules of Professional Conduct to claim in this

6  matter. (See California State Bar Rules of Professional Conduct, Rule 3-100)

7  (d) If such separate claim of privilege exits or is to be made on behalf of such Clients by

8  Petitioner, the Government's intentional actions may create a conflict of interest for

9  Petitioner, in this matter, and in any or all of the criminal cases in which Petitioner represents

10  such Clients. (State Bar Rules of Professional Conduct, Rule 3-310)

11  (e) Even just the issuance of the summons by the Government seeking information known

12  in advance to be Attorney-Client, Work Product, and/or Client Fifth Amendment privileged

13  from Petitioner who is known to Respondent to be a criminal defense attorney, if not

14  quashed prior to compliance, may give rise to a request, in any and all pending Federal

15  Criminal cases in which Petitioner represents a criminal defendant whose information is

16  sought (or obtained) , for dismissal of the case(s) as to Petitioner's client(s)based only upon

17  the POTENTIAL for the use of the information sought by the Government herein as to or in

18  any such criminal case(s), and/or may give rise to a request, in any and all pending Federal

19  Criminal cases in which Petitioner represents a criminal defendant, to disqualify the United

20  States Attorney's Office and/or Attorney General of the United States from prosecuting that

21  matter.

22  (f) The Internal Revenue Service in general and Revenue Agent Jon Oliveira, particularly,

23  are specifically aware that there is no legal basis that would support the issuance of a valid

24  "summons" as evidenced by the complete absence of any citation to any legitimate factual

25  delineation for the issuance of summons on its face (other than "tax liabilities"), especially

26  in light of the privileged nature of the information sought.

27

28  Petition to Quash 3rd Party Summons

(g) The Internal Revenue Service in general and Revenue Agent Jon Oliveira, particularly, are specifically aware that there is no legal basis that would support the issuance of a "summons" as evidenced by the complete absence of any citation to any delineated legal basis for the issuance of summons as on its face (other than "tax liablilities"), especially in light of the privileged nature of the information sought, upon which the Internal Revenue Service apparently relies to overcome the aforesaid claimed privileges, and, therefore Respondents Government and Internal Revenue Service are aware that it would be unlawful to use summoned information and materials regarding Petitioner's Clients.

(h) The Internal Revenue Service already possesses (by way of Petitioner's voluntary compliance with their informal request) all relevant non-privileged information to reach a determination of whether Petitioner may be liable under any Internal Revenue statute, and the data, information, and materials summoned would not add any new information which could affect the determination of any potential liability. (See IRM § 4.22.6.2)

(i) The data sought can provide confidential privileged information regarding each of Petitioner's clients, and amounts and nature of Client related transactions which would have no relevance, unless there is a legitimate lawful specific purpose (as yet not disclosed) for the tax audit investigation to begin with (a "random audit", as set forth as the basis for this investigation by Revenue Agent Oliveira to Petitioner is not remotely sufficient to overcome the privileges asserted); and no legitimate purpose for the investigation is stated on the Summons or any other documents relative to this action.

(j) The data sought includes information (herein generally stated) about Petitioner's clients, and potential clients not yet charged,  investigators and investigations (where, when, how), about experts (who, what, where, when, areas of expertise), case preparation expenses (who, what, where, when, why), retention of other attorneys and legal assistance (who, what, where, when, and potentially why), all of which information is confidential and privileged and the revelation of such information to the Government could seriously impact and/or compromise

1   the Defense strategy of Petitioner's Client's or potential Client's case or issues, and is
2   information to which the Government would not be entitled and would have no other way
3   to obtain in any of the cases it investigates or prosecutes or litigates.

4        The records, material, and data Summoned are not relevant to any legitimate
5   purpose and are protected by the aforementioned privileges.

6        WHEREFORE, in consideration of the foregoing and the attached memorandum of
7   Points and Authorities in Support Thereof, Petitioner prays that this Court order the
8   Respondents to appear before this honorable Court and show cause as to why this Court
9   should not quash the summons at issue herein. Further, this Court should consider whether
10   sanctions are appropriate against the Government and Internal Revenue Service for
11   knowingly attempting to intrude upon lawfully claimed privileged matters. And finally, this
12   Court should award attorneys fees, as appropriate to Petitioner.

13   DATED: September 3, 2013

Respectfully Submitted
LAW OFFICES OF GARRETT J. ZELEN

GARRETT J. ZELEN
Attorney Pro Se

28   Petition to Quash 3rd Party Summons

8

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner, submits this Memorandum of Points and Authorities in support of his petition to quash the summons issued by the Respondents United States, et al. Petitioner asserts as grounds therefore, that Respondents are seeking matters, prohibited form disclosure to them by Attorney-Client Privilege, by Work Product Privilege, and by client Fifth Amendment Privilege, all claimed by Petitioner to Respondent. Petitioner further submits that Respondents cannot meet the "relevancy and materiality" test required by *United States v. Powell*, 379 U.S. 48 (1964). Petitioner contends that the summons is nothing more than a "fishing expedition" without any basis in law or fact to overcome the Privileges asserted by Petitioner herein. The summons is completely void of any "realistic expectation" that the information sought "may be relevant," (other than to state the words "tax liabilities" next to the name of Petitioner) or that the asserted privileges do not lawfully prevent disclosure to Respondents. Therefore, it is Petitioner's contention that the Internal Revenue Service cannot make any showing greater than an "idle hope" of finding something, as required by *United States v. Richards*, 631 F. 2d. 341, 345 (4th Cir., 1980). Lastly, it is Petitioner's contention that the summons has been issued in "bad faith" contrary to *United States v. Powell, supra*.

Respondent Revenue Agent Oliveira, whose works in the Internal Revenue Service office at 222 North Sepulveda Boulevard, Suite 800, El Segundo, California, 90245, issued an IRS third party summons to the U.S. Bank National Association. The target of the summons was Petitioner's accounts, which account, known to Agent Oliveira, included Peititioner's Attorney-Client Trust Account (IOLTA), maintained pursuant to California law and the Rules of the State Bar of the State of California.

The summons stated; "In the matter of "Tax Liabilities of Garrett J. Zelen (SSN:XXX-XX-XXXX)." The summons appears to have been issued August 20, 2013.

Petition to Quash 3rd Party Summons

9

Pursuant to 26 U.S.C. §§ 7602(a), 7609(a)(3) , I.R.M. §§ 4.22.6.2, and 26 C.F.R. § 1.6001-1, a summons must state on its face the "liability" (actual or ostensible) for which it is issued. The summons issued by Respondent Agent Oliveira in this case fails to state this, whether actual or ostensible for which purpose the summons may have been issued, other than the words "Tax Liabilities".

On the face of the summons issued, the Agent has not cited any authority to issue and enforce the summons in question, **nor any authority which would purportedly support overcoming the asserted privileges by Petitioner**, which were known to Respondents.

The summons commands U.S. Bank National Association to appear before the Agent or his designee to give testimony and to bring all records for the periods from January 1, 2010 through December 31, 2011, for all accounts held, in the name of, on behalf of, or who has signature authority (SIC) Garrett J Zelen (SSN:XXX-XX-XXXX). "These records should include, but are not limited to:

1) Monthly statements
2. Deposit Tickets
2. Deposit items (Please include ATM deposits)"

## ARGUMENT

### I

The Internal Revenue Service's authority to issue a summons falls under 26 U.S.C. § 7602. Under *United States v. Powell, supra,* the government must establish a *prima facie* case by "showing" that:

(1) that the summons was issued for a legitimate purpose.
(2) the summoned data may be relevant to that purpose.
(3) the data is not already in the government's possession; and
(4) the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed
(*United States v, Powell, supra,* at 57-58).

The summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3) , I.R.M. §

Petition to Quash 3rd Party Summons

1    4.22.6.2, and 26 C.F.R. § 1.6001-1.

2        The summons issued by Respondent in this case fails to delineate liability, actual or

3    ostensible for which purpose the summons may have been issued, (other than the words "tax

4    liabilities"). **It is clear on the face of the summons that Agent Oliveira has not cited any**

5    **authority to issue and enforce the summons in question especially in light of the**

6    **significant PRIVILEGES known to the Revenue Agent who issued the summons**.

7        Although 26 U.S.C. § 7602(a)(1) authorizes the IRS "[t]o examine any books,

8    papers, records, or other data which may be relevant or material" to "... "determining the

9    liability of any person for any internal revenue tax", it is not without limitation.

10       In order to force compliance with a properly issued summons the Internal Revenue

11   Service must clearly show a "realistic expectation" that the information sought would be

12   "relevant or material" to the legitimate purposes of the summons, and is not merely a "fishing

13   expedition" conducted in the "idle hope" that they will find something. *United States v.*

14   *Bisceglia,* 420 U.S.141(1975);*United States v. Richards*, 631 F. 2d 341, 345 (4th Cir., 1980);

15   *United States v. Harrington*, 388 F. 2d 520, 524 (2d Cir., 1968).

16       The burden is upon the Government to show that the information sought is "relevant

17   to proper purpose" *United States v. Euge*, 444 U.S. 707, 712 (1980); *United States v.*

18   *Huckaby*, 776 F. 2d 564, 567 (5th Cir., 1985). It is readily apparent from the face of the

19   summons, that other than the words "tax liabilities", Agent Oliveira claimed no "legitimate

20   purpose" in issuing the summons, and certainly no basis to overcome asserted privileges.

21       Petitioner's Attorney-Client Trust Account, is kept pursuant to California Law and the

22   Rules of the State Bar of the State of California, in U.S. Bank, as an extension and agent

23   of the Law Offices of Garrett J. Zelen. "[S]ituations may well arise where constructive

24   possession is so clear or the relinquishment of possession is so temporary and insignificant

25   as to leave the personal compulsions upon the accused substantially intact. " (*Couch v.*

26   *United States*, 409 U.S. 322, 333-334 (1973).) Such arrangement provides no basis for the

27

28   Petition to Quash 3rd Party Summons

11

Respondents to invade Attorney-Client privilege, Work Product Privilege, and Client's Fifth Amendment Privilege, even with a 3rd Party Bank. **Petitioner's income and expenses are contained in the account information of personal and business bank accounts, not in the Trust Account. Such personal and business bank account information has already been provided voluntarily by Petitioner to Respondents.** Respondents have failed and refused to identify any tax law violation which they are investigating as to Petitioner. This strongly indicates that this summons is clearly a "fishing expedition" devoid of any "realistic expectation" and does not rise to any level greater than "idle hope." *United States v. Richards*, 631 F. 2d 341, 345 (4th Cir. 1980).

Absent legal authority for issuance and legitimate purpose for enforcement of the summons, **especially as to privileged client materials**, nothing in Petitioner's bank records could possibly give rise to a "realistic expectation" of those records being relevant to any legitimate investigation. Thus, Petitioner contends that the summons is issued in "bad faith" with no purpose other than to harass and intimidate Petitioner, who is a private criminal defense attorney. (*United States v. Powell, supra* 379 U.S. at 58; *United States v. McCarthy*, 514 F. 2d. 368 (3rd Cir., 1975].

## II

### THE ITEMS AND INFORMATION SOUGHT BY RESPONDENT'S SUMMONS ARE PROTECTED FROM DISCLOSURE BY THE ATTORNEY-CLIENT, AND/OR WORK PRODUCT, AND/OR CLIENT'S FIFTH AMENDMENT PRIVILEGES, RESPECTIVELY

All of the items sought by Respondents' summons from Petitioner's Attorney-Client Trust Account are privileged pursuant to 1) Attorney-Client privilege and/or 2) Work Product Privilege and/or 3) the Fifth Amendment Privilege of each Client or Potential Client of Petitioner, which, as their attorney, Petitioner is required to assert on their behalf. Additionally, Petitioner had informed Respondent Agent months previously that Petitioner was claiming and asserting said privileges on Petitioner's behalf and on behalf of Petitioner's Clients as to information sought from or about the Attorney-Client Trust Account.

Petition to Quash 3rd Party Summons

1.          Attorney-Client Privilege

"The attorney-client privilege has no precise expression in the U.S. Federal Rules of Evidence. Rather, the privilege is creature of state and federal common law. While the privilege is not specifically guaranteed by the U.S. Constitution, it is deeply entrenched in U.S. jurisprudence and has generated a wide body of case law." Its claim is a protection implementing both the Fifth and Sixth Amendments. (See 1 Paul R. Rice, *Attorney Client Privilege in the United States* § 2:7 at 39-40 (West Group 1999)

The privilege is a rule of discovery **which provides an exception to compelled testimony or production.** *United States v. Rogers*, 751 F.2d 1074, 1077 (9th Cir. 1985). Under the exception, neither the attorney nor the client will be compelled by a court to give testimony on the confidential communications between the two.

The giving, receiving, use, transmittal, or acceptance of a paper, or check, or document can be considered a confidential communication. "Once established, the attorney-client privilege provides what has been referred to as 'absolute protection,' protecting information against disclosure regardless of the need or good cause for that information shown by another party."

The privilege covers communications made pursuant to, and for the purpose of, for example, the client seeking legal advice. The "client," for purposes of the privilege, is one who seeks legal advice. The privilege applies to confidential communications between client and lawyer irrespective of whether a formal retainer agreement is signed, irrespective of whether attorneys fees have been paid, and irrespective of whether litigation has begun or is contemplated. When the attorney's representation of the client ends, **further** communications between the attorney and the former client are no longer protected.

However, the confidential communications that have taken place between client and lawyer during the representation **are forever covered by the privilege,** even beyond the end of that attorney-client relationship. In the case of a corporate client, the privilege survives the

Petition to Quash 3rd Party Summons

1    dissolution of the corporation. The privilege survives even after the death of the client.

2        A California Supreme Court case appears instructive on what is a "communication":

3    The attorney-client privilege attaches to a confidential communication between
     the attorney and the client and bars discovery of the communication irrespective
4    of whether it includes unprivileged material. As we explained in *Mitchell v.*
     *Superior Court, supra,* 37 Cal.3d at page 600: "[T]he privilege covers the
5    transmission of documents which are available to the public, and not
     merely information in the sole possession of the attorney or client. In this
6    regard, it is the actual fact of the transmission which merits protection, since
     discovery of the transmission of specific public documents might very well
7    reveal the transmitter's intended strategy." We therefore held in Mitchell that
     a client could not be questioned about warnings from her attorney about the
8    health effects of an industrial chemical even if the warnings might be
     described as factual matter rather than legal advice. We observed: "Neither the
9    statutes articulating the attorney-client privilege nor the cases which have
     interpreted it make any differentiation between `factual' and `legal' information."
10   (Id. at p. 601; see *In re Jordan* (1974) 12 Cal.3d 575, 580 [116 Cal.Rptr. 371,
     526 P.2d 523] [finding the attorney-client privilege attached to copies of cases
11   and law review articles transmitted by an attorney to the attorney's client].)
     *Costco Wholesale Corporation v. The Superior Court of Los Angeles County*
12   *(Greg Randall, et al, Real Parties in Interest)* 47 Cal. 4th 725, 734 (Calif.
     Supreme Court  2009)

13       Federal Rule of Evidence, Section 501, provides that questions of privilege that arise
14   in the course of adjudication of federal rights shall be "governed by the principles of the
15   common law as they may be interpreted by the courts of the United States in the light of
16   reason and experience." The United States Supreme Court has recognized the attorney-client
17   privilege as the "oldest of the privileges for confidential communications known to the
18   common law." (*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  Courts have long
19   viewed the central purpose of the privilege as one "to encourage full and frank
20   communication between attorneys and their clients and thereby promote broader public
21   interests in the observance of law and administration of justice."(Id)
22       That purpose "requires that clients be free to make full disclosure to their attorneys
23   of past wrongdoings, in order that the client may obtain the aid of persons having knowledge
24   of the law and skilled in its practice."(*United States v. Zolin*, 491 U.S. 554, 562 (1989) ) The
25   Ninth Circuit has emphasized that "the attorney-client privilege is not only the oldest

26

27

28   Petition to Quash 3rd Party Summons

privilege known to the common law, but the attorney-client privilege is also, 'perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system.'"(*In re Grand Jury Proceedings*, 162 F.3d 554, 556 (9th Cir. 1998) (quoting *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997).)

While the privilege may not always protect either the client identity or client fee arrangements, the courts have carved out a special rule where the compelled disclosure of a client's name or fee arrangement would reveal a confidential communication. (Please see *United States v. Liebman*, 742 F.2d 807 (3rd Cir. 1984); *Liew v. Breen*, 640 F.2d 1046, 1049-50 (9th Cir. 1981); *In re Grand Jury Subpoena Issued to Gerson Horn*, 976 F.2d 1314, 1317-1318 (Ninth Circuit 1992)*Clarke* v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992); *In re Grand Jury Witness Richard J. Salas, et al,* 695 F. 2d 359 (Ninth Circuit 1982).)

It is these confidential communications, hypothetically such as by pre-indictment or pre-arrest payment to attorneys, or payment in a matter which was NEVER charged for lack of evidence, which is sought to be protected herein, with regard to the material delineated in Respondents' Summons.

2.         Work Product Privilege

The United States Supreme Court in *Hickman v. Taylor*, (1947) 329 U.S. 495, 91 L.ed. 451, 67 S. Ct. 385, stated:

> Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their client's interests.
> This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways - aptly though roughly termed by the Circuit Court of Appeals in this case as the 'work product of the lawyer'. *Hickman v. Taylor, supra,* at 511.

Petition to Quash 3rd Party Summons

15

This work-product doctrine, in which the Supreme Court affirmed a United States Court of Appeals for the Third Circuit decision which excluded from discovery, oral and written statements made by witnesses to a defendant's attorney, was later formally included in the Federal Rules of Civil Procedure as Rule 26(b)(3). (See also *United States v. Aldman*, 134 F.3d 1194 (2d Cir. 1998).

3.           Fifth Amendment Privilege Against Self Incrimination on Behalf of Client

> The Fifth Amendment provides in pertinent part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." A long-standing precept of Fifth Amendment jurisprudence is that the privilege applies to any statement that might tend to incriminate the witness. The statement at issue need not directly implicate the witness as long as it **"furnish[es] a link in the chain of evidence needed to prosecute the claimant for a...crime."** *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951). Another venerable precedent holds that the privilege protects the innocent as well as the guilty.
> *Grunewald v. United States*, 353 U.S. 391 (1957) (Emphasis added)

Not only may a defendant or a witness in a criminal trial, claim the privilege, but so may a party or a witness in a civil court proceeding, *McCarthy v. Arndstein*, 266 U.S. 34 (1924), a potential defendant or any other witness before a grand jury, Reina v. United States, 364 U.S. 507 (1960); *Counselman v. Hitchcock*, 142 U.S. 547, 563 (1892), or a witness before a legislative inquiry, Watkins v. United States, 354 U.S. 178, 195–96 (1957); *Quinn v. United States*, 349 U.S. 155 (1955); *Emspak v. United States*, 349 U.S. 190 (1955), **or before an administrative body. In re Groban, 352 U.S. 330, 333, 336–37, 345–46 (1957); ICC v. Brimson, 154 U.S. 447, 478–80 (1894).**

Two not so distant decisions by the United States Supreme Court, *Ohio v. Reiner*, 532 U.S. 17, 121 S.Ct. 1252 (2001), and *United States v. Hubbell*, 530 U.S. 27 (2000), indicate for the most part, a continuation of an expansive view of the Self-Incrimination Clause. In a *per curiam* opinion, the Court noted its longstanding precedent that the privilege extends not only "to answers that would in themselves support a conviction" but also to "those which would furnish a link in the chain of evidence needed to prosecute the claimant." Quoting

Petition to Quash 3rd Party Summons

1      *Hoffman*, the Court stressed that a potential witness need only show "from the implications

2  of the question, in the setting in which it is asked, that a responsive answer to the question

3  or an explanation of why it cannot be answered might be dangerous because injurious

4  disclosure could result." Although the privilege extends to those witnesses who have

5  "reasonable cause to apprehend danger from a direct answer," rather than to those who fear

6  a danger of "imaginary and insubstantial character," and the inquiry on that issue is for the

7  court, "we have never held, as the Supreme Court of Ohio did, that the privilege is

8  unavailable to those who claim innocence. To the contrary, we have emphasized that one of

9  the Fifth Amendment's 'basic functions . . . is to protect innocent men . . . who otherwise

10 might be ensnared by ambiguous circumstances.' *Grunewald v. United States*, 353 U.S. 391,

11 421." (internal quotations omitted). *Ohio v. Reiner, surpa*, at 1254.

12     *Reiner* reaffirmed both principles in the context of an Ohio criminal trial. Though it

13 did not pertain to a grand jury proceeding, Reiner can easily be applied in that context, as

14 well as in the present situation in which the Internal Revenue Service has issued a Summons

15 for information and testimony as to claimed privileged matters.

16     The Fifth Amendment privilege applies not only to testimony, but also to the

17 production of documents and at times the content within such documents. (See *Fisher v.*

18 *United States,* 425 U.S. 391 (1976).  (See also *United States v. Helina,* 549 F. 2d 713, 716-

19 717 (9th Cir. 1977.)

20     **The Fifth Amendment privilege as described in *Fisher v. United States, surpa*, and**

21 **thereafter, enables the lawyer to assert the (Fifth Amendment Privilege) act of**

22 **production rights of the client,** (Id, at  425 U.S. at 402 n.8.), upon Governmental

23 compulsion (See *United States v. Doe,* 456 U.S. 605 (1984); *United States v. Nobles,* 422

24 U.S. 225 (1975); and see California State Bar Rules of Professional Conduct, Rule 3-100).

25     In *Fisher v. United States, supra,* the taxpayers' attorneys (who had no personal self-

26

27

28 Petition to Quash 3rd Party Summons

17

incrimination claims) possessed the documents sought by the Government for use against the taxpayers. Because the documents had been provided to the attorneys for the purpose of securing legal advice (or representation) the Court held that the attorney-client privilege protected the documents, if they would have been protected by the Fifth Amendment while in the taxpayers' possession.

*United States v. Hubbell*, 530 U.S. 27 (2000), was a United States Supreme Court case involving Webster Hubbell, who had been indicted on various tax-related charges, and mail and wire fraud charges, based **on documents that the government had subpoenaed from him**. The Court held that the Fifth Amendment privilege against self-incrimination protects a witness from being compelled **to disclose the existence of incriminating documents** that the Government is unable to describe with reasonable particularity. The Supreme Court also stated:

> The question is not whether the response to the subpoena may be introduced into evidence at his criminal trial. That would surely be a prohibited "use" of the immunized act of production.... But the fact that the Government intends no such use of the act of production leaves open the separate question **whether it has already made "derivative use" of the testimonial aspect of that act in obtaining the indictment against respondent and in preparing its case for trial. It clearly has.**
> *United States v. Hubbell, supra.* (Emphasis added)

In the present summons matter, the compelled act of producing the Trust Account information by Petitioner's bank (acting as his agent), as well as the Fifth amendment protected right to obtain legal counsel and the maintenance of the adversarial system, is implicated. (See *Garner v. United States*, 424 U.S. 648, 655 (1976). To require Petitioner, through his bank, to produce confidential, privileged Trust Account bank records, showing which clients have hired Petitioner, when, and with what attendant ancillary services, would destroy the very adversarial system the privilege is meant to uphold. It is only when (many times a Client retains an attorney, but the eventuality or indictment or charges anticipated do not arise **for lack of evidence**) paperwork **maintained in the Attorney Business Account,**

1    shows a transfer of funds from the Attorney Client Trust Account **into the Business or**

2    **Personal Account to the benefit of the Attorney or his agents**, do Respondents have a

3    right to such information and documents, **from the Business or Personal accounts**.

4                                                      III

                        THE EFFECT OF ANY DISCLOSURE OF PRIVILEGED
5                       INFORMATION IN THIS MATTER POTENTIALLY COULD
                        CAUSE THE DISMISSAL OF THE FEDERAL CRIMINAL CASE
6                       OF ANY CLIENT OF PETITIONER WHOSE INFORMATION
                        WAS THEREBY DISCLOSED, OR POTENTIALLY COULD
7                       CAUSE THE DISQUALIFICATION OF ANY AND ALL UNITED
                        STATES ATTORNEY'S OFFICES AND/OR THE UNITED STATES
8                       ATTORNEY GENERAL IN ANY CRIMINAL CASE OF ANY
                        CLIENT OF PETITIONER WHOSE INFORMATION WAS
9                       DISCLOSED PURSUANT TO THE SUMMONS

10             Petitioner suggests that the proper inquiry in all cases is whether the Government

11   (including any and all of its parts) obtains attorney-client, or work product, or client Fifth

12   Amendment privileged evidence in a criminal case, from a secondary source (such as here, with

13   an administrative IRS Summons) **which could possibly provide the necessary piece of**

14   **information** (not previously available) to convict a criminal Defendant. The potential risk for

15   such an occurrence is greatly heightened should the Summons be allowed to be enforced. And

16   could a Defendant even prove that such information caused his conviction if it was known to the

17   prosecution, used by the prosecution, but not presented as evidence by the prosecution? Even

18   disqualification of the United States Attorney's Office or the Attorney General may not solve the

19   problem, if the investigating agency became aware of the information. If the information sought

20   by Respondents contains attorney-client, or work product, or Fifth Amendment privileged

21   materials, and it is provided to the Government, at least a conflict of interest as to the

22   Government exists, in that it is now come by information which it otherwise could not obtain,

23   and the potential for its use exists. (See, for example, *United States v. Gonzalez-Lopez*, 548 U.S.

24   140, 152 (2006). A violation of the Sixth Amendment by the Government may also exist.

25             *United States v. Rogers*, 751 F.2d 1074 (9th Cir. 1985), involved government

26

27

28   Petition to Quash 3rd Party Summons

                                                      19

misconduct in acquiring evidence. Id. at 1079. It holds that a federal agent's "inducement of a violation of an ethical obligation of confidentiality . . . does not warrant dismissal of an indictment" **where suppression is a possible remedy with respect to the improperly obtained evidence).** But what happens when suppression is not available, and the information obtained by the Government goes right to the heart of the attorney-client relationship and Defendant's preparation of a defense for trial? (See also *Kastigar v. United States*, 406 U.S. 441 (1972).)

**IV**
**KNOWINGLY ISSUING A SUMMONS FOR PRIVILEGED MATERIALS IS IMPROPER WITHOUT PRIOR NOTIFICATION AND RESPONDENTS SHOULD BE SANCTIONED FOR ENGAGING IN SUCH CONDUCT AND/OR PETITIONER SHOULD BE ENTITLED TO ATTORNEYS FEES**

This Court may issue sanctions against Respondents for issuing a summons, knowing in advance that the items sought are the subject of asserted and valid privileges. Certainly, the records sought from the possession of the 3rd Party Bank, would continue to exist while informal notification issued (prior to issuance of a summons) to Petitioner of Respondents' intent to seek these items. Yet it appear that the short time frame after receipt of Respondents' summons (sent by Certified Mail with no informal prior notification although Petitioner was consistently in telephone contact with the Revenue Agent) by Petitioner and the period in which to respond was utilized for tactical advantage on the issue of the Privileges. Is there some reason that the Respondents could not have contacted Petitioner informally in advance of issuance of the summons to obtain and consider Petitioner's legal position on the issue, or **to engage in an administrative review**? What is suggested as proper  procedure is nothing more than what regularly occurs in Criminal matters prosecuted by the Untied States Government where Grand Jury Subpoenas for records are considered by the United States Attorney's Office. Is there some reason that such informal discussion of the legal bases for properly claimed and valid privileges could not have been undertaken by Respondents' counsel?

Petition to Quash 3rd Party Summons

1    Petitioner posits that this Court can consider sanctions against Respondents under

2  F.R.C.P. Rule 11( c), to deter repetition of this conduct or comparable conduct.

3    Petitioner should also be awarded attorneys fees pursuant to 26 U.S.C. § 7430 and

4  IRM § 4.2.1.7, since the position of Respondents is and was not "substantially justified",

5  in issuing a summons without any prior notification to Petitioner, without review of

6  Petitioner's legal authorities, without regard to the Fifth Amendment Privilege of

7  Petitioner's Clients, without regard to the rights of Petitioner's Clients, and without prior

8  adjudication (even at an administrative hearing) of the issues regarding Attorney-Client

9  Privilege, Work Product Privilege, Fifth Amendment Privilege of Petitioner's Clients.

10  The issuance of the summons in this matter, without prior administrative consideration of

11  these privileges, known to Respondents, does not have a reasonable basis in law or fact.

## CONCLUSION

13    Wherefore, Petitioner requests that the privileges be sustained and that the

15  summons be quashed.  Petitioner further requests that the Court award attorneys fees, as

16  appropriate to Petitioner, and that the Court consider sanctions against Respondents for

17  their improper actions in this matter.

18  DATED: September 3, 2013

19                                          Respectfully Submitted
                                            LAW OFFICES OF GARRETT J. ZELEN

21                                          _____
                                            GARRETT J. ZELEN
22                                          Attorney Pro Se

28  Petition to Quash 3rd Party Summons

1    **EXHIBIT "1"**
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# Summons

In the matter of  Tax liabilities of Garrett J Zelen (SSN: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)

Internal Revenue Service (Division):  Small Business / Self-employed Division

Industry/Area (name or number):  Area 07

Periods:  Year ended December 31, 2010, Year ended December 31, 2011

## The Commissioner of Internal Revenue

**To:**  US Bank National Association

**At:**  800 Nicollet Mall, Legal Department Subpoena Processing 21st Floor, Minneapolis, MN 55402

You are hereby summoned and required to appear before  Revenue Agent Jon Oliveira, or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All records for the periods from January 1, 2010 through December 31, 2011, for all accounts held, in the name of, on behalf of, or who has signature authority Garrett J Zelen ▇▇▇▇▇▇▇▇▇▇. These records should include, but are not limited to:

1. Monthly statements
2. Deposit tickets
3. Deposit items (Please include ATM deposits)

---

**Do not write in this space**

---

**Business address and telephone number of IRS officer before whom you are to appear:**

222 North Sepulveda Boulevard suite 800 El Segundo, California 90245     (310) 414-4740

**Place and time for appearance at**  222 North Sepulveda Boulevard Suite 800 El Segundo, California 90245

# IRS

**Department of the Treasury
Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the ___20th___ day of ___September___ ___2013___ at ___1:00___ o'clock ___p___ m.
                                                        (year)

Issued under authority of the Internal Revenue Code this ___20th___ day of ___August___ ___2013___
                                                                            (year)

_____
Signature of issuing officer

_____
Signature of approving officer (if applicable)

Internal Revenue Agent   95-10077
                        Title

Group Manager
                        Title

**Part C —  to be given to noticee**

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

(1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions. - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect. - For purposes of this subsection-

(A) In general. - A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that -

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

* * * *

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper. - For purposes of paragraph (1), the term third-party recordkeeper means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge of the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

* * * *

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary should be not less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **2039** (Rev. 10-2010)

**To:** Garrett J Zelen (SSN: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)       **Date:** 08/20/2013

**Address:** 12400 Wilshire Boulevard, Suite 400, Los Angeles, CA 90025-1030

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitation

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e)(2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.

**Part D** — to be given to noticee

**Sec. 7609 Special procedures for third-party summons**

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identify of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause; or

(E) (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that-

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records.- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

Form **2039** (Rev. 10-2010)

# Suspension of Corporate Taxpayer's Period of Limitations on Assessment If a Court Proceeding is Brought Regarding a Designated or Related Summons

The IRS may issue designated or related summonses to examine the tax liability of certain corporations. A designated summons will be identified by a statement at the top of the summons that reads: "This is a designated summons pursuant to IRC 6503(j)." A related summons will be identified by a similar statement at the top of the summons indicating that it is a related summons issued pursuant to I.R.C. sec. 6503(j).

If you are a corporate taxpayer and the IRS has issued a designated or related summons to investigate your tax liability, your period of limitations on assessment will be suspended if a court proceeding concerning the summons is begun. This suspension will be effective on the day the court proceeding is brought. If the court orders any compliance with the summons, the suspension will continue until 120 days after the summoned person finally resolves his response to the summons. If the court does not order any compliance with the summons, then the period of limitations will resume running on the day after final resolution (but the period of limitations will not expire before the 60th day after final resolution).

To obtain information about the dates of the suspension under section 6503(j), you can contact the IRS officer before whom the person summoned is to appear. The officer's name and telephone number are identified on the summons.



**Department of the Treasury**
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

**Part E —**  to be given to the corporate taxpayer only if this is a designated or related summons

**Sec 6503(j).  Extension in case of certain summonses**

**(1) In General—**

If any designated summons is issued by the Secretary to a corporation (or to any other person to whom the corporation has transferred records) with respect to any return of tax by such corporation for a taxable year (or other period) for which such corporation is being examined under the coordinated examination program (or any successor program) of the Internal Revenue Service, the running of any period of limitations provided in section 6501 on the assessment of such tax shall be suspended—

(A) during any judicial enforcement period—

(i) with respect to such summons, or

(ii) with respect to any other summons

which is issued during the 30-day period which begins on the date on which such designated summons is issued and which relates to the same return as such designated summons, and

(B) if the court in any proceeding referred to in paragraph (3) requires any compliance with a summons referred to in subparagraph (A), during the 120 day period beginning with the 1st day after the close of the suspension under subparagraph (A).

If subparagraph (B) does not apply, such period shall in no event expire before the 60th day after the close of the suspension under subparagraph (A).

**(2) Designated Summons -- For purposes of this subsection—**

(A)  In General -- The term "designated summons" means any summons issued for purposes of determining the amount of any tax imposed by this title if--

(i)  the issuance of such summons is preceded by a review of such issuance by the regional counsel of the Office of Chief Counsel for the region in which the examination of the corporation is being conducted,

(ii)  such summons is issued at least 60 days before the day on which the period prescribed in section 6501 for the assessment of such tax expires (determined with regard to extensions), and

(iii)  such summons clearly states that it is a designated summons for purposes of this subsection.

(B)  Limitation -- A summons which relates to any return shall not be treated as a designated summons if a prior summons which relates to such return was treated as a designated summons for purposes of this subsection.

**(3) Judicial Enforcement Period -- For purposes of this subsection, the term "judicial enforcement period" means, with respect to any summons, the period –**

(A) which begins on the day on which a court proceeding with respect to such summons is brought, and

(B) which ends on the day on which there is a final resolution as to the summoned person's response to such summons.

**CERTIFICATE OF SERVICE**

I, GARRETT J. ZELEN, declare:

That I am a citizen of the United Stated and a resident of Los Angeles County, California; that my business address is 12400 Wilshire Blvd, Suite 400, Los Angeles, CA 90025; and that I am over the age of eighteen years.

That on September 3, 2013, I served the within Petition to Quash 3rd Party Summons on the below listed Attorneys for parties involved in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, with Certification, in the United States Mail at Los Angeles, California, addressed as follows:

Eric Holder
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Office of the United States Attorney
for the Central District of California
Tax Division
312 N. Spring Street- Room 7211
Los Angeles, CA 90012

Phil Conrad
Internal Revenue Service
Los Angeles Office
300 N. Los Angeles Street
Mail Stop 5021
Los Angeles, CA 90012

Jon Oliveira
Internal Revenue Service
222 N. Sepulveda Boulevard - Suite 800
El Segundo, CA 90245

Krissy Maxwell
Customer Care Specialist- Legal Department
21st Floor
U.S. Bank, National Association
800 Nicolett Mall
Minneapolis, MN 55402

This Certificate is executed on September 3, 2013, at Los Angeles, California. I declare under penalty of perjury that the foregoing is true and correct.

GARRETT J. ZELEN

Petition to Quash 3rd Party Summons

23

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

GARRETT J. ZELEN

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

UNITED STATES OF AMERICA,
StEVEN T. MILLER, ACTING COMMISSIONER OF THE INTERNAL REVENUE SERVICE
REVENUE AGENT JON OLIVEIRA

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

GARRETT J. ZELEN
LAW OFFICES OF GARRETT J. ZELEN
12400 Wilshire Blvd. - Suite 400
Los Angeles, CA 90025

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
26 U.S.C. Sections 7609(b)(2) (A), 7609(h); 28 U.S.C. Sections 1331, 1340 Petition to Quash Internal Revenue Service 3rd Party Summons for Bank Records

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:   Case Number:   CV13-6430**

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: _____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ John F. Walter _____ and the assigned Magistrate Judge is _____ John E. McDermott _____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-cv-06430 JFW-JEMx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

| September 3, 2013 | By   SBOURGEO |
|---|---|
| Date | Deputy Clerk |

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES